CLEMMENS v. WASHINGTON PARK STEAMBOAT CO.

(Circuit Court, E. D. Pennsylvania. July 7, 1908.)

No. 89.

1. CARRIERS—CONNECTING CARRIERS—TICKETS—PRESUMPTIONS.

Where plaintiff purchased a ticket from defendant steamboat company entitling her to ride by steamboat to a pier or landing at a park, and by trolley from the pier to the center of the park, there being no coupon or other statement on the ticket to indicate that any part of the contract was to be performed by any other carrier than the defendant, it would be presumed that plaintiff was to be under defendant's care during the whole trip, and the burden was on defendant to show that such was not the fact, and that the trolley car was managed by another carrier, for whose negligence defendant was not responsible.

2. SAME—QUESTION FOR JURY.

Where plaintiff purchased a ticket which on its face indicated that defendant steamboat company controlled the transportation by steamboat and trolley to plaintiff's destination, and defendant, in an action for injuries to plaintiff on the trolley road, introduced certain testimony showing that the trolley was operated by another company, whether such was the fact was for the jury.

Motions by Defendant for New Trial and for Judgment Notwithstanding the Verdict.

Goodman & Mitchell, for plaintiff.
Charles H. Downing, for defendant.

J. B. McPHERSON, District Judge. In my opinion judgment notwithstanding the verdict cannot be entered in favor of the defendant company. The verdict has established its negligence, and also its lia-

bility as master for the conduct of the motorman, and the sole question, therefore, upon this motion for judgment, is whether there was sufficient evidence concerning its liability for the motorman's conduct to require the point to be submitted to the jury. As I think, such evidence was present, and could not be disregarded as trivial. The plaintiff's ticket was a single contract, both in form and substance, entered into with the defendant alone, which entitled her to a ride by steamboat to the pier or landing at Washington Park, and also to a ride by trolley from the pier to the center of the park. There was no separate coupon upon which her right to be transported by the car depended, and there was nothing else upon the face of the ticket to suggest that any part of the contract was to be performed by any other carrier than the defendant. The presumption, therefore, arose that she was to be (in legal contemplation) under the defendant's care and oversight during the whole trip between Philadelphia and the park. It is true that the defendant, in the effort to shift liability from its own shoulders to the shoulders of another, offered evidence tending to rebut this presumption, and to prove that the trolley car was managed and controlled by the Washington Park Amusement Company. But, while the evidence thus offered—unsatisfactory as it was, and especially when one considers that more and better evidence must have been at the defendant's command—might have had the desired effect, if it had been conceded to be true or had been accepted by the jury, it must not be forgotten that the credibility of the principal witness was denied in argument, and was a matter exclusively for the jury, and also that the presumption of the defendant's liability, arising upon the face of the ticket, was equivalent to testimony in the plaintiff's favor, and thus presented a controversy concerning the vital fact of the steamboat company's relation to the motorman, which no other tribunal than a jury could properly solve.

The defendant's motion for judgment notwithstanding the verdict is overruled, and to this action by the court an exception is sealed.

The motion for a new trial is also overruled.